ORIGINAL

# In the United States Court of Federal Claims

No. 15-1095 C
(Filed May 17, 2016)

**UNPUBLISHED**

FILED

MAY 17 2016

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * *  *
ROBERT M. EVANS,            *
                            *   Pro Se Plaintiff; RCFC 12(b)(1);
        Pro Se Plaintiff,   *   RCFC 12(b)(6); Failure to State a
                            *   Breach of Contract Claim for
    v.                      *   Interest on Funds Seized then
                            *   Returned by the Drug
THE UNITED STATES,          *   Enforcement Administration.
                            *
        Defendant.          *
* * * * * * * * * * * * * *  *
```

*Robert M. Evans*, Talladega, AL, *pro se*.

*Agatha Koprowski*, United States Department of Justice, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Brian A. Mizoguchi*, Assistant Director, Washington, DC, for defendant.

---

**OPINION**

---

**BUSH**, *Senior Judge*.

The court has before it defendant's motion to dismiss this suit which was brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). Defendant's motion was filed December 7, 2015 and has been fully briefed. For the reasons set forth below, defendant's motion is granted.

# BACKGROUND[1]

Plaintiff Robert Evans is incarcerated in a federal prison in Alabama. In 2008, the Drug Enforcement Administration (DEA) seized $27,000 from plaintiff's place of business. Compl. at 1-2. The government eventually agreed to return the sum of $27,000 to Mr. Evans. *Id.* at 2. Before the United States District Court for the Northern District of Alabama, and subsequently, before the United States Court of Appeals for the Eleventh Circuit, Mr. Evans argued that he should not only receive the seized funds, but also interest on those funds running from the date of seizure. *Id.* These courts denied plaintiff's request for interest. *Id.* In May 2013, the government returned $27,000 to Mr. Evans but did not provide interest to him on that sum. *Id.* App. at 14.

Plaintiff filed his complaint, titled "Petitioner's Motion for Equitable Recoupment," in this court on September 22, 2015. The complaint seeks interest on $27,000 from 2008 until 2013, as well as interest on the unpaid interest on $27,000 from 2013 until payment of all interest owed is ultimately received from the United States.[2] Compl. at 3. Because Mr. Evans is proceeding *pro se* and is incarcerated the court has extended filing deadlines to permit him a full opportunity to respond to the government's legal arguments, and granted him leave to file a sur-reply not contemplated by this court's rules. The court now turns to the standards of review applicable in this case.

---

[1] The facts recited here are taken from plaintiff's complaint, exhibits attached to the complaint, plaintiff's response to defendant's motion to dismiss and plaintiff's sur-reply. The court has supplied page numbers to the documents attached to the complaint, denoted Compl. App. at X. The appendix of attached documents, pursuant to the complaint, is "made part of this [complaint] by reference herein." Compl. at 4.

[2] Plaintiff, acknowledging precedent that disfavors the recovery of prejudgment interest from the United States, suggests, at times, that he does not seek the payment of interest in this suit. Rather, according to plaintiff, the government is being "asked to . . . disgorge earnings it actually or constructively earned on the seized funds while in their custody." Compl. at 2-3 (citing *Library of Congress v. Shaw*, 478 U.S. 310, 311, 315 (1986)); Pl.'s Sur-Reply at 5-6. In other portions of the complaint and his sur-reply, however, Mr. Evans concedes that his claim is for "pre-judgment interest . . . [and] interest the pre-judgment interest accrued" from 2013 going forward. Compl. at 3; *see also* Pl.'s Sur-Reply at 13 (seeking relief in the form of pre-judgment interest).

2

## DISCUSSION

**I.   Standards of Review**

**A.   *Pro Se* Litigants**

The court acknowledges that Mr. Evans is proceeding *pro se*, and is "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint, plaintiff's response brief and plaintiff's sur-reply thoroughly in an attempt to discern plaintiff's claims and legal arguments.[3]

**B.   RCFC 12(b)(1)**

In considering the issue of subject matter jurisdiction, this court must presume all undisputed factual allegations in the complaint to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). However, plaintiff bears the burden of establishing subject matter jurisdiction, *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

---

[3] Although defendant questions whether jurisdictional allegations in plaintiff's response brief could be considered to be "properly contained in his complaint," Def.'s Reply at 2, the court deems plaintiff's response brief to be a clarification of the statement of the claims presented in the complaint. *See, e.g., Gardner v. United States*, No. 10-451, 2011 WL 678429, at *4 n.5 (Fed. Cl. Feb. 17, 2011) (construing a *pro se* plaintiff's response to a motion to dismiss as an amendment to her complaint); *Watson v. United States*, No. 06-716, 2007 WL 5171595, at *6-7 (Fed. Cl. Jan. 26, 2007) (considering a claim raised for the first time in a *pro se* plaintiff's response to a motion to dismiss).

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) (citations omitted). These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. *Id.* (citing 28 U.S.C. § 1491(a)(1)).

The Tucker Act concurrently "waives the Government's sovereign immunity for those actions." *Id.* The statute does not, however, create a substantive cause of action or right to recover money damages in the Court of Federal Claims. *Id.* "[T]o come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.*

In other words, the source underlying the cause of action must be money-mandating, in that it "'can fairly be interpreted as mandating compensation by the Federal Government.'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967) and citing *Mosca v. United States*, 417 F.2d 1382, 1386 (Ct. Cl. 1969)). If the provision relied upon is found to be money-mandating, the plaintiff need not rely upon a waiver of sovereign immunity beyond the Tucker Act. *Huston v. United States*, 956 F.2d 259, 261 (Fed. Cir. 1992) (citing *United States v. Mitchell*, 463 U.S. 206, 218 (1983)). If, on the other hand, no money-mandating source supports the cause of action, jurisdiction is lacking and this court must dismiss the action. *See id.* at 261-62 (affirming the dismissal of a claim where the statute relied upon by the plaintiff was not money-mandating).

### C.   RCFC 12(b)(6)

It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). When considering a motion to dismiss brought under RCFC 12(b)(6), "the allegations of the complaint should be construed favorably to the pleader." *Scheuer*, 416 U.S. at

4

236. The court must inquire, however, whether the complaint meets the "plausibility" standard described by the United States Supreme Court, *i.e.*, whether it adequately states a claim and provides a "showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560, 563 (2007) (*Twombly*) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Iqbal*) (quoting *Twombly*, 550 U.S. at 570).

As the United States Court of Appeals for the Federal Circuit has explained:

> We must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the plaintiff. To state a claim, the complaint must allege facts plausibly suggesting (not merely consistent with) a showing of entitlement to relief. The factual allegations must be enough to raise a right to relief above the speculative level. This does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face.

*Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citations and internal quotations omitted). When reading the complaint, however, the court must not mistake legal conclusions for factual allegations which are entitled to favorable inferences. *See, e.g., Sioux Honey Ass'n v. Hartford Fire Ins. Co.*, 672 F.3d 1041, 1062 (Fed. Cir. 2012) ("The Supreme Court explained in *Twombly* that while [the pleading standard] does not require 'detailed factual allegations,' it does require more than 'labels and conclusions.'" (citing *Twombly*, 550 U.S. at 555)). In its application, the plausibility standard has frequently been described as "context-specific." *See, e.g., Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.") (citation omitted).

**II.   Jurisdictional Analysis**

### A.  No Money-Mandating Statute Cited in the Complaint

The complaint cites the Tucker Act as one basis for this court's jurisdiction over plaintiff's claim for interest. Compl. at 3-4. The complaint also proposes 31 U.S.C. § 1304 (2012) as the source of law entitling plaintiff to the "recoupment" of interest on funds seized by the DEA. *Id.* at 1. As defendant points out, however, section 1304 is a "general appropriations statute" for funding judgments and not a money-mandating source of law for claims brought before this court. Def.'s Mot. at 5. Plaintiff did not attempt to rebut defendant's argument that section 1304 is not money-mandating. *See* Pl.'s Sur-Reply at 4 (acknowledging that plaintiff's reliance on section 1304 may have been "misplaced"). The court agrees with defendant that the appropriations act cited by plaintiff in his complaint is not money-mandating. *See, e.g., Samish Indian Nation v. United States*, 657 F.3d 1330, 1336 (Fed. Cir. 2011) (holding that the appropriations acts at issue in that appeal were not money-mandating because "[t]he Appropriations Acts do not provide a clear standard for paying money to recognized tribes, state the amounts to be paid to any tribe, or compel payment on satisfaction of certain conditions.") (citation omitted), *vacated in part on other grounds*, 133 S. Ct. 423 (2012); *May v. United States*, 104 Fed. Cl. 278, 285 (2012) (holding that 31 U.S.C. § 1304 provides no jurisdictional basis for a suit in this court (citing *Samish*, 657 F.3d 1334)), *aff'd*, 534 F. App'x 930 (Fed. Cir. 2013).

### B.  Breach of Contract Claim

In his response brief, plaintiff argues that his claim falls within this court's jurisdiction over contract claims. Pl.'s Resp. at 2-5. The government contests this jurisdictional allegation, Def.'s Reply at 2-4, but the court is not persuaded by the authorities cited by the government. In particular, the government posits this "jurisdictional" requirement:

> To establish jurisdiction, a plaintiff must plead the general elements required for the formation of a contract, including mutuality of intent, consideration, and unambiguous offer and acceptance.

Def.'s Mot. at 2 (citing *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012)). *Kam-Almaz*, however, is a "failure to state a contract claim" case, not

6

a jurisdictional analysis case. 682 F.3d at 1367-68 (citing the plausibility standard set forth in *Twombly*, 550 U.S. at 555). The government's jurisdictional challenge to plaintiff's contract claim fails because it is unsupported by persuasive authority.

Plaintiff, proceeding *pro se*, has alleged that his claim for interest is founded on a breach of an implied-in fact contract. First, plaintiff styles his claim as a "contract claim against the United States." Pl.'s Resp. at 3. Second, plaintiff alleges that the contract underlying his suit is an implied-in-fact contract. Pl.'s Sur-Reply at 3. Third, plaintiff alleges the circumstances of contract formation: "the government's [January 14, 2013] concession [to return $27,000 to plaintiff, in combination with the subsequent] district court's order supports a 'fair inference' or can fairly be int[er]preted as contemplating such prejudgment interest." Pl.'s Resp. at 4. Fourth, plaintiff alleges breach of the contract to provide plaintiff with interest on the seized funds: "the government breach[ed] [the] contract by not adhering to their ('concession-final judgment') [promise] that the interest is a part of the res." *Id.* at 5. Thus, plaintiff's complaint, as it has been clarified and amended by his response brief to include a contract claim, *see supra* note 3, falls within this court's jurisdiction over contract claims. *See, e.g., Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997) (stating that a well-pleaded allegation of either an express or an implied-in-fact contract is sufficient to overcome a challenge to this court's jurisdiction over a complaint).

### C.   Statute of Limitations

The government invokes this court's six-year statute of limitations in its motion to dismiss, 28 U.S.C. § 2501 (2012), and argues that this court lacks jurisdiction over the complaint because plaintiff's claim for interest is untimely. Def.'s Mot. at 5-6. Defendant construes the complaint to present a claim which accrued on May 22, 2008, more than six years before plaintiff filed his complaint in this court. *Id.* at 6. Indeed, May 22, 2008 is set forth in the complaint as the date when $27,000 was seized from plaintiff's place of business. Compl. at 1-2.

The court does not believe, however, that plaintiff's claim, as set forth in the complaint, must necessarily be viewed as accruing in 2008. For example, the complaint posits January 14, 2013 as plaintiff's claim accrual date:

> The government conceded to the return of petitioner's

7

> property on January 14, 2013, and the district court issued an order reflecting the government's admission. The $27,000.00 in question *then* had accrued fifty six (56) months in pre-judgment interest. However, due to the government's *failure to return the said interest* to the petitioner . . . .

Compl. at 3 (emphasis added). The court interprets the complaint to hold forth 2013 as the appropriate accrual date for a contract claim seeking interest that was not paid in 2013. This accrual date is well within this court's six-year statute of limitations.[4] The court must therefore reject defendant's jurisdictional challenge to plaintiff's complaint based on section 2501. The court now turns to the government's challenge to plaintiff's allegation that the government breached a contract to pay him interest on $27,000 seized in 2008.[5]

### III. Failure to State a Claim under RCFC 12(b)(6)

Having determined that this case falls within the court's jurisdiction over contract disputes, the court considers defendant's argument that Mr. Evans has failed to allege the required elements of a contract claim. The court notes at the outset that dismissal of this suit is by no means the result of improper word choice or an inadequate presentation of legal arguments by a *pro se* plaintiff – dismissal of this suit is inevitable given the fundamental divergence between the undisputed facts pled in the complaint and the breach of contract claim asserted by plaintiff in his response brief and further argued in his sur-reply brief.[6] The government's

---

[4] The government appears to concede in its reply brief that accrual of plaintiff's contract claim would have occurred in 2013, not 2008, if indeed a contract had been formed and breached. Def.'s Reply at 4 & n.1.

[5] When arguments not jurisdictional in nature are raised under RCFC 12(b)(1) the court considers them to challenge the sufficiency of a complaint under RCFC 12(b)(6). *E.g., Amsinger v. United States*, 99 Fed. Cl. 254, 257 (2011); *Esch v. United States*, 49 Fed. Cl. 631, 631-32 (2001); *High Star Toys, Inc. v. United States*, 32 Fed. Cl. 176, 179 (1994).

[6] Mr. Evans requested that the court appoint counsel to assist him in filing a supplemental brief "if . . . appropriate or necessary." Pl.'s Resp. at 8. Plaintiff subsequently submitted a sur-reply brief which was filed by leave of the court. The court notes that assistance
(continued...)

reply brief appropriately relies on *Kam-Almaz*, a decision which provides binding precedent for this court. Def.'s Reply at 2-4.

In *Kam-Almaz*, the Federal Circuit provides a succinct description of the elements required to state a claim for the breach of an implied-in-fact contract, *i.e.*, a contract where there is no written document signed by both parties which sets forth the contract's essential terms:

> "An implied-in-fact contract with the government requires proof of (1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) actual authority on the part of the government's representative to bind the government in contract." *Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003) (internal quotation marks omitted). An implied-in-fact contract is founded upon a meeting of the minds and "'is inferred, as a fact, from the conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding.'" *Id.* (quoting *Balt. & Ohio R.R. v. United States*, 261 U.S. 592, 597, 58 Ct. Cl. 709, 43 S. Ct. 425, 67 L. Ed. 816 (1923)). . . . [T]he plaintiff[] bears the burden of proving the existence of an implied-in-fact contract. *See Hanlin v. United States*, 316 F.3d 1325, 1330 (Fed. Cir. 2003).

682 F.3d at 1368. As the government points out, none of the facts alleged by plaintiff, and none of the documents attached to the complaint, support a

---

[6](...continued)
of counsel would not have altered the outcome here, for the following reasons. If plaintiff had not alleged a breach of contract in his response brief, this suit would have been dismissed for lack of a money-mandating source of law to support plaintiff's claim for interest owed to him by the United States. Alleging the existence of a contract breach only served to temporarily sustain a claim for which no legal remedy is available. Unfortunately for plaintiff's cause of action, Congress has not acted to provide the remedy Mr. Evans seeks. *See, e.g., Library of Congress v. Shaw*, 478 U.S. 310, 314 (1986) ("In the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award.").

reasonable inference that the government intended to pay Mr. Evans interest on the seized funds or that the government made an unambiguous offer of interest on the seized funds. Def.'s Reply at 2-3. Indeed, all of the undisputed facts alleged by plaintiff indicate that the government had no intent to provide Mr. Evans with interest on the $27,000 seized in 2008 and that the government agreed only to return that same amount, without interest, to plaintiff in 2013. Compl. App. at 5-6, 11-12.

Plaintiff's only argument pertinent to the government's intent to return interest on the seized funds and the government's unambiguous offer to provide interest is that the government is under a legal obligation to do so, under "supporting case law-common law principles."[7] Pl.'s Resp. at 5; *see also* Pl.'s Sur-Reply at 5-7. But reliance on general common-law principles or caselaw is no substitute for mutuality of intent and an unambiguous offer when a plaintiff seeks to state a claim for breach of an implied-in-fact contract.[8] Background principles of law might help to establish an implied-in-law contract, but implied-in-law contracts are outside the jurisdiction of this court. *See, e.g., Barrett Ref. Corp. v. United States*, 242 F.3d 1055, 1059 (Fed. Cir. 2001) (stating that the United States Court of Federal Claims has no jurisdiction over implied-in-law contracts); *City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998) (observing that "implied-in-law contracts . . . impose duties that are deemed to arise by operation of law," but also noting that implied-in-law contracts are "outside the jurisdiction of the Court of Federal Claims"). Because the allegations of the complaint do not plausibly establish mutuality of intent or an unambiguous offer of interest on the

---

[7] Plaintiff addresses the elements of consideration, acceptance and authority in his sur-reply brief. Pl.'s Sur-Reply at 8-10. Nonetheless, in the absence of any factual allegations regarding the government's intent to provide interest or the government's unambiguous offer of interest (as opposed to its unambiguous offer to return the seized funds in the amount of $27,000), his implied-in-fact contract claim is not plausible.

[8] The cases cited by plaintiff, Compl. at 3-4; Pl.'s Resp. at 5, Pl.'s Sur-Reply at 6-7, do not establish that this court, under its Tucker Act jurisdiction, could award plaintiff interest on $27,000 that was seized in 2008. There are differences between the types of relief available in a district court and the types of relief available in this court, as there are differences between the jurisdiction of these two types of federal courts. *See, e.g., Bowen v. Massachusetts*, 487 U.S. 879, 905-06 (1988) (noting differences in both the jurisdictional grants and the equitable powers of district courts and the Claims Court). Thus, decisions to award interest on seized property in cases arising from district courts do not compel the same result in this court.

seized funds, the complaint, even as clarified and amended by plaintiff's response and sur-reply briefs, fails to state a breach of contract claim upon which relief may be granted.[9]

## CONCLUSION

Accordingly, it is hereby **ORDERED** that:

(1)  Defendant's Motion to Dismiss, filed December 7, 2015, is **GRANTED**;

(2)  The Clerk's Office is directed to **ENTER** final judgment in favor of defendant **DISMISSING** the complaint for failure to state a claim upon which relief may be granted, with prejudice; and,

(3)  Each party shall bear its own costs.

*LYNN J. BUSH*
Senior Judge

---

[9] The court need not reach the government's other arguments for dismissal of this suit.

11